GREMILLION, Judge,
dissents.
| T Before the majority had reached the end of the first paragraph of its analysis, it had already determined that the jury had erred, and consequently, it completely disregarded all of the jury’s hard work and conclusions. However, the lawfully empaneled and properly charged jury actually had the authority and the facts to find as it did. I, therefore, respectfully dissent.
The jury found, as a matter of fact, that there had been no sale of the tractor at issue. This circuit has long recognized that a factfinder’s determination that no sale took place is a finding of fact. Travis v. Hudnall, 517 So.2d 1085 (La.App. 3 Cir.1987). It is equally as clear that an appellate court may not disturb such a finding unless the record furnishes no reasonable factual basis for the finding or the finding was clearly wrong. Id. In this case, the jury’s finding of fact was not clearly wrong, as it was supported by the record. The jury had a reasonable factual basis for its finding. The jury heard the defendant maintain that the delivery of the dozer at issue was in the nature of a test drive, and that the contract for sale was never approved by the appropriate manager. It heard testimony that the contract specifically provided that all sales were subject to final approval. The jury also saw the relevant documentation.
The jury reviewed the sales order form in question, requiring that “ALL ORDERS [be] SUBJECT TO APPROVAL.” The jury saw a signature line on the | ¡¡form in question labeled “Branch Manager Approval.” Most importantly of all, the jury witnessed that the signature line was *974 blank. To suggest that this evidence was not enough to provide the jury with a reasonable basis for its conclusion is to improperly invade the jury’s province.
The majority properly points out that the sale of a tractor is complete when price, thing, and consent come together. La.Civ.Code art. 2439. Consequently, no other formalities are required. La.Civ. Code art. 1927. However, the fact that no other formalities are required does not mean that other formalities are not allowed, and cannot be contemplated by the parties. In this case, the jury clearly concluded that additional formalities were contemplated by the parties. Again, namely, the proper signature by the proper manager on the proper form.
The question before us is one of proof of consent. When the parties contemplate a certain form, it is presumed that they do not intend to be bound until the contract is executed in that form. La.Civ.Code art. 1947. Civil Code articles 1927 and 1947, it should be noted, are found in Civil Code Book III, Title IV, Chapter 3, which is entitled, “Consent.” Here, the jury had a reasonable basis to conclude that without approval, there was no consent.
Ultimately, what the majority has given the force of law is its opinion that neither the defendant nor the jury had the right to insist that the contract at issue be completed, by the affixing of all necessary signatures, before the sale was perfected. With all due respect, the law differs from the majority’s opinion. As a general matter, parties may contemplate specific written formalities. La.Civ.Code art. 1947. More specifically, when the parties contemplate being bound only by a signed contract, there is no contractual relationship in the absence of the necessary signatures. Baldwin v. Bass, 28,984 (La.App. 2 Cir. 12/11/96), 685 So.2d 436, writ denied, 97-111 (La.3/7/97), 690 So.2d 20. Additionally, the parties to a sale may make that sale contingent on approval. La.Civ.Code art. 2460.
There was certainly evidence presented that would have allowed the jury to conclude that the parties did not contemplate the final signature of the branch manager. Had it accepted as true the evidence attesting to those facts, the absence of that final signature would have been irrelevant, and the plaintiff would have prevailed. However, that is not what the jury concluded, and that is not the standard that the majority should have applied. Rather, the jury had plenty of evidence at its disposal to allow it to reach the reasonable conclusion that the parties contemplated being bound only by a fully signed written contract. Accordingly, I would affirm the jury’s findings.